Argued October 4, affirmed November 6, 1963

## JORDAN ET UX *v.* TANANA CORPORATION
### 386 P. 2d 463

*Robert A. Leedy,* Portland, argued the cause for appellant. With him on the briefs were Barzee, Leedy & Tassock, Portland.

*David O. Bennett,* St. Helens, argued the cause for

respondents. With him on the brief were Bennett & Vagt, St. Helens.

Before McALLISTER, Chief Justice, and PERRY, O'CONNELL, DENECKE and LUSK, Justices.

PER CURIAM.

This is an action to recover a real estate broker's commission. Defendant appeals from a judgment for plaintiffs. The case was tried without a jury.

Plaintiffs and defendant entered into a written agreement whereby defendant employed plaintiffs to procure a purchaser for certain property owned by defendant. The agreement contained a provision that if "during your [plaintiffs'] employment you place me [defendant] in contact with a buyer to or through whom at any time within 90 days after the termination of said employment I may sell or convey said property, I hereby agree to pay you in cash for your services a commission * * *." Plaintiffs brought this action to recover a commission for the sale of defendant's property to Louis Abrams.

Prior to the execution of the listing agreement defendant was in contact with Abrams and had attempted to sell to him the property in question. However, the parties could not arrive at an agreement and the evidence supports the view that negotiations between them were terminated. Thereafter plaintiffs began negotiations with Abrams and eventually Abrams made an offer which plaintiffs transmitted to defendant. Defendant made a counter proposal which was conveyed to Abrams by plaintiffs. Abrams rejected the proposal. All this happened before December 1, 1961, the expiration date of the listing agreement. Thereafter and within 90 days

after the expiration of the listing agreement defendant sold the property to Abrams.

The trial court concluded that "although defendant first showed the property to Abrams prior to the listing agreement * * * defendant gave up on Abrams as a prospective purchaser and that when plaintiffs interested Mr. Abrams in the property again * * * for all practical purposes and within the meaning of the listing agreement, Mr. Abrams was a new purchaser who was 'placed in contact' with the property by the plaintiffs."

The evidence supports this conclusion. Defendant argues that since its representative had already been in contact with Abrams it could not be said that plaintiffs placed Abrams "in contact" with defendant. We do not regard this as a fair interpretation of the term "place in contact." The term was intended to describe the plaintiffs' efforts in procuring a prospect not already procured by defendant. It was reasonable for the trial court to conclude that the contact with Abrams initially made by defendant proved fruitless and that it was at an end when plaintiffs' letter awakened in Abrams a new interest to enter negotiations and thus placed him in contact within the meaning of the contract.

The judgment of the lower court is affirmed.